United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-30892
Summary Calendar
_____

LARRY DONNELL NICHOLS,

Plaintiff-Appellant,

versus

BURL CAIN; SHIRLEY COODY; RICHARD L. STALDER;
LINDA RAMSEY; DAVID JONES; UNKNOWN BONNETTE;
UNKNOWN JONES; MALCOLM SMALL; UNKNOWN WESTBROOK;
UNKNOWN JUNEAU,

Defendants-
Appellees.

-------------------------------------------------------------------
Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-345-D
-------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Larry Donnell Nichols, Louisiana prisoner # 161498, challenges the district court's dismissal

of his 42 U.S.C. § 1983 civil rights complaint and the denial of his application to proceed in forma

pauperis (IFP) on appeal. He contests the district court's certification that his appeal is not taken in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a). He argues that his pauper status remains unchanged, that he has exhausted his administrative remedies, and that the district court failed to provide written reasons for its IFP certification.

Nichols has not shown that the district court erred in dismissing his complaint. He does not identify any error in the district court's analysis. Finally, the district court provided sufficient written reasons for its certification by adopting the reasons in the magistrate judge's report. See Baugh, 117 F.3d at 202 n.21.

Nichols has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Nichols's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. 5TH CIR. R. 42.2.; *Baugh*, 117 F.3d at 202 n.24. The dismissal of this appeal as frivolous counts as a strike under the Prison Litigation Reform Act. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Nichols has one previous strike that was issued in *Nichols v. Cain*, No. 04-30745 (5th Cir. Feb. 23, 2005). Nichols is advised that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.